UNITED STATES of America, Plaintiff-Appellee,

v.

INTERNATIONAL HARVESTER COMPANY, Defendant,

v.

George S. McLEAN, Appellant.

No. 83-2202

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 28, 1983.

Rehearing and Rehearing En Banc Denied Dec. 29, 1983.

George S. McLean, pro se.

John F. DePue, Atty., Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for U.S.A.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

George S. McLean appeals from an order refusing expungement of any mention of him by name in an information and related documents because he was named but not charged as a co-conspirator in the information. We are persuaded that the trial court did not abuse its discretion because the base principle of our expungement cases has not been violated, in that McLean can defend the charge in an earlier filed and related case in which he is a charged defendant.

McLean, with eight other individuals and a corporation, was indicted on October 22, 1982 for conspiracy to engage in international bribery. McLean was also charged with multiple counts of aiding and abetting substantive violations of that charge.

On November 17, 1982 all ten defendants named in the October indictment were named but not charged as co-conspirators with International Harvester Company in a criminal information. Both the indictment and the information charged conspiracy to engage in international bribery. International Harvester waived indictment, pled guilty, and was sentenced the next day. In connection with the plea of International Harvester the government filed an offer of proof. McLean's motion to expunge his name from all the documents filed in connection with the information was denied and he appeals.

While we have not been explicit as to the jurisdictional source(s) here available, we have previously found appellate jurisdiction to review rulings on such requested expungement both under 28 U.S.C. § 1291, concerning appeals from orders possessed of requisite finality, and under the All Writs Act. *United States v. Briggs*, 514 F.2d 794, 808 (5th Cir.1975); *In re Smith*, 656 F.2d 1101 (5th Cir.1981).

We review decisions on requests to expunge by an abuse of discretion standard granting a range of latitude to the district court. That deference is warranted by its greater familiarity with the local scene and the actuality of local public events.

In *Briggs* we recognized the right of named but uncharged co-conspirators to expungement of reference to them by name. We there rejected suggested barriers of jurisdiction, standing, and political thickets and found that a federal grand jury exceeds

its power in naming persons but not charging them. The holding was footed on the constitutional right of a citizen to be free of government charges made with no opportunity to defend. The reasoning was applied in terms of grand jury power but its reach was wider. Six years later in *In re Smith,* 656 F.2d at 1106–07, we applied the same principle to require expungement of references to Smith by name in factual resumes prepared by an Assistant United States Attorney and used in the sentencing proceedings of others.

 It follows from *Briggs* and *Smith* that McLean would be entitled to his requested expungement from the information and related documents if we put aside the fact of his earlier indictment. But that fact is critical because the trial of the indictment provides McLean with the required opportunity to put the government to its proof. The charges in the indictment and the charges in the information are carved from the same fact pattern and are either identical or closely related. Significantly, the indictment charging McLean and the information naming but not charging him were filed within thirty days of each other. The government's "charges" in the information were little more than a repetition of charges earlier levelled against McLean by a federal grand jury. In sum, the government is not making an accusation without the protection of trial.

There is no suggestion that the naming of McLean was for any advantage to the government. With ongoing investigations into complicated transactions, indictments and informations with substantial overlap are inevitable. Informations provide a practical tool for implementing plea bargains that accompany such investigations. Among other advantages, charges agreed to in plea negotiation can be quickly drawn without the expense and inconvenience of returning to the grand jury. The record suggests that nothing more occurred here. On these facts we are persuaded that the trial court did not abuse his discretion in refusing expungement.

We say only that there was no abuse of discretion. We do not say that naming conspirators elsewhere indicted in an information is a wise policy or always legal. Indeed we see little to justify such a practice and much to argue against it, including the generation of collateral appeals and the draining of resources best spent more productively.[1]

AFFIRMED.

---

1. McLean suggests error in various rulings made in the case in which he was indicted. We have no jurisdiction over those interlocutory orders and make no decision concerning them.