John DOE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civil Action No. H-15-02414

United States District Court, S.D. Texas, Houston Division.

Signed June 30, 2016

Charles S. Leeper, Drinker Biddle & Reath LLP, Washington, DC, for Plaintiff John Doe.

Jimmy Anthony Rodriguez, US Attorneys Office, Houston, TX, for Defendant United States of America.

## ORDER

DAVID HITTNER, United States District Judge

Pending before the Court is Defendant's Motion to Dismiss (Document No. 9). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This case arises from a series of allegations made by prosecutors that allegedly identified and accused Plaintiff John Doe ("Doe") in the criminal case *United States v. Stanley*.[1] In Count Two of that case,

---

1. *United States v. Stanley*, Criminal Action No. H–08–597 (S.D.Tex.2008).

Albert J. Stanley ("Stanley") pleaded guilty to conspiracy to commit mail and wire fraud under 18 U.S.C. § 371. Stanley was charged with a bribery scheme involving various international natural gas projects, a major natural gas contractor corporation and its successor corporation, and various consulting firms controlled by Stanley's alleged co-conspirator (the "LNG Consultant").

In the Information filed August 29, 2008, the Government described the LNG Consultant as a dual citizen of the United States and Lebanon, who was an employee of an unnamed contractor corporation from about 1977 until 1988. In 1988, the LNG Consultant resigned and became a consultant to that contractor and its successor company.[2] The Information accused the LNG Consultant and Stanley of engaging in a scheme where consulting firms the LNG Consultant controlled were paid lucrative fees to obtain natural gas contracts for the contractor corporations, and the consulting firms paid kickbacks to Stanley.

In the Plea Agreement filed September 3, 2008, the Government repeated the above allegations and added that one of the companies controlled by the LNG Consultant was a "Lebanese Consulting Company," and that the specific projects involved in the scheme were "Trains 1 and 2 of the Bonny Island Project" and "the Malaysia Tiga LNG project." In Stanley's re-arraignment hearing on September 3, 2008, the Government referred to the LNG Consultant and noted he was dual citizen of Lebanon and the United States, In Stanley's sentencing hearing on February 23, 2012. the prosecutor did not repeat the details of the LNG Consultant's nationality or employment history, but accused him, of engaging in bid-rigging with Stanley.

Doe alleges that the Government's "description of the LNG Consultant identified [Doe] in all respects except by name."[3] In late 2014, Doe's counsel unsuccessfully inquired with the Department of Justice to determine if any indictment or investigation was in place or pending against Doe. On August 20, 2015, Doe filed suit in this Court alleging a violation of his Fifth Amendment due process rights. Doe seeks a declaration that his rights have been violated and expungement of the prosecutorial statements that allegedly identified and accused him of criminal conduct. On October 20, 2015, the Government moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts," *Ramming v. United States,* 281 F.3d 158, 161

---

**2.** The contractor and its successor company were not named in the Government's initial statements, though in later proceedings were identified as M. W. Kellogg and Kellogg, Brown & Root.

**3.** *Complaint For Violation of Right to Due Process and for Declaratory Relief,* Document No. 1 at 5.

(5th Cir.2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' ... it demands more than ... 'labels and conclusions.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.*

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (quoting *Twombly,* 550 U.S. at 558, 127 S.Ct. 1955).

### III. LAW & ANALYSIS

■ Expungement is sometimes an appropriate remedy where third parties are identified as co-conspirators in public court records. *United States v. Holy Land Found. For Relief and Dev.,* 624 F.3d 685, 691 (5th Cir.2010). The Court of Appeals for the Fifth Circuit first applied this principle in *United States v. Briggs,* 514 F.2d 794, 808 (5th Cir.1975), where the Circuit held third parties' Fifth Amendment due process rights had been violated when a grand jury indictment identified them as co-conspirators. The doctrine was later "extended beyond the limited context of grand jury indictments to encompass at least some statements made by prosecutors." *Holy Land,* 624 F.3d at 692; *see In re Smith,* 656 F.2d 1101, 1106–07 (5th Cir. 1981) (prosecutor had impermissibly accused third party by reading a factual resume during a plea hearing in a case with no grand jury indictment or criminal information).

### A. Sovereign Immunity

■ The Government contends the Court has no jurisdiction over Doe's claim because the United States has not consented to the suit. Doe contends under Briggs that sovereign immunity is not implicated by his claim. The Government asserts *Briggs* does not control because (1) it was superseded by 1976 amendments to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, or (2) because *Briggs* is factually and procedurally distinguishable from this case.

■ Sovereign immunity "precludes private suits against the United States which would result in a drain on the public treasury or would inhibit the necessary and proper functioning of government." *Briggs,* 514 F.2d at 808. Sovereign immunity is not implicated where the petitioner "ask[s] no substantive relief against the government but rather [makes] only a comparatively mild request" to strike or expunge an accusation from a court record.

*See id.* (holding immunity did not bar a petition to strike allegations from a grand jury indictment made against named, unindicted alleged co-conspirators). Cases subsequent the 1976 amendment to § 702 continue to apply *Briggs* and reach the merits of similar claims. *See, e.g., In re Smith*, 656 F.2d 1101, 1105–08 (5th Cir.1981) (applying *Briggs* and reaching the merits of the claim; *see also Holy Land*, 624 F.3d at 693 (a 2010 case relying on *Briggs*). The *Briggs* analysis on immunity applies a general principle not limited to the specific circumstances of that case. *See Nelson v. Regan*, 560 F.Supp. 1101, 1104 n. 2 (D.Conn.1983) (citing *Briggs* with approval for the principle that sovereign immunity does not bar declaratory injunctive relief where the plaintiff makes only a mild request that "does not interfere with the necessary functioning of the government").

In the instant case, Doe seeks a declaration his Fifth Amendment due process rights have been violated and expungement of the alleged accusations made against him. As in *Briggs* and its progeny, such relief constitutes a comparatively mild request that would neither result in a drain on the public treasury nor inhibit the necessary and proper functioning of government. Accordingly, sovereign immunity does not bar Doe's claim.

*B. Statute of Limitations*

*1. Accrual*

■ The Government contends the action must be dismissed pursuant to the statute of limitations because the alleged identification and accusation of Doe as the LNG Consultant was first made in September 2008, and this action was not filed until August 20, 2015. Doe relies heavily on *United States v. Int'l Harvester Co.*, 720 F.2d 418, 420 (5th Cir.1983), to contend that the Government's failure to provide

him a forum to vindicate the allegations against him is a necessary element of his claim, and that failure and thus accrual of the claim did not manifest until October 2014.

The Fifth Circuit has not addressed which statute of limitations period applies to a due process claim seeking expungement of an accusation. The Court therefore adopts the general statute of limitation provision of 28 U.S.C. § 2401(a), which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues,"[4] The court now turns to when the right of action accrued.

■ Due process claims seeking expungement of an accusation are actionable as soon as the Government identifies and accuses a third party as a criminal co-conspirator. *See, e.g., In re Smith*, 656 F.2d at 1103 (an ultimately successful due process claim was filed on December 16, 1980, seeking to strike allegations made in prosecutorial factual resumes submitted four months earlier, in August and September 1980). Possible pending criminal charges are irrelevant to whether expungement is warranted. *See In re Smith*, 656 F.2d at 1107 (granting a petition to strike the record "regardless of what criminal charges may have been contemplated ... against the [p]etitioner for the future"). While a district court may be able to refuse expungement if the allegations have been brought against the co-conspirator in separate proceedings, such justification is not always sufficient. *International Harvester*, 720 F.2d at 420.

■ Whatever the possibility of future prosecution, expungement of accusations made against third parties in proceedings in which they are not named defendants

---

4. Doe does not contest that the six-year statute of limitations applies.

may be appropriate. Therefore, even if brought while the Government's investigation was ongoing, Doe's request for expungement would not necessarily have been dismissed as premature. As such, Doe's claim could have been brought as soon as the Government's alleged accusations were made. Doe has pleaded that enormous publicity surrounded Stanley's plea of guilty, citing news articles published September 3, 4 and 9, 2008, and that "any executive or decision-maker working in the LNG industry in 2008 would have recognized that [Doe] was the LNG Consultant."[5] Doe therefore knew or should have known of the alleged accusations made against him at the time, and could have brought and succeeded on his claim for expungement immediately. Accordingly, the Court finds that Doe's due process claim and action to seek expungement first accrued when the Government's Information and Plea Agreement were brought before the Court in Stanley's Initial Appearance, Arraignment, and Re-Arraignment on September 3, 2008. Because the statute of limitations is six years, and Doe filed the present suit in 2015, Doe's claim is time-barred.

### 2. Continuing Violation

 In the alternative, Doe contends his claim is not time-barred because the Government's alleged conduct constitutes a continuing violation analogous to a hostile work environment claim. The Government contends continuing-violation theory does not apply because each alleged accusation was a "discrete and salient event,"[6] The general limitations period set by 28 U.S.C. § 2401(a) is potentially subject to equitable tolling. *Clymore v. United States*, 217 F.3d 370, 374 (5th Cir.2000), Primarily applied in employment discrimi-

nation cases, the continuing violation doctrine extends the limitations period when a violation manifests itself over time, rather than as discrete acts. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir.2004). "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2004). In contrast, there is "an exception for claims based on a hostile work environment... [because] repeated conduct constitutes a part of the nature of hostile environment claims," *Pegram*, 361 F.3d at 279. "[A] hostile environment plaintiff is not limited to filing suit on events that fall within this statutory time period because her claim 'is comprised of a series of separate acts that collectively constitute one unlawful employment practice.'" *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 328 (5th Cir.2009) (quoting *Morgan*, 536 U.S. at 115, 122 S.Ct. 2061).

Doe's claim arises out of an alleged unlawful accusation by the Government, which is a discrete act and a cause of action that accrues as soon as the accusation is made. Hostile workplace claims, in contrast, by their nature manifest over time due to repeated action. The due process violation Doe alleges is not one that by its nature manifests only over time or only due to repeated action, and so the analogy to standard hostile workplace claims is inapt. Doe has alleged the Government separately and discretely violated his due process rights three times in 2008 and a fourth time in 2012. Specifically, Doe points to statements made by the Government in its Information, Plea Agreement and during Stanley's plea proceeding in

5. *Complaint For Violation of Right to Due Process and for Declaratory Relief,* Document No. 1 at 7.

6. *Reply In Support of Defendant's Motion to Dismiss,* Document No. 18 at 10.

late 2008, and to statements made by the Government during Stanley's sentencing hearing in 2012, The three accusations alleged to have occurred in 2008 are discrete from the 2012 accusation and fall out of the six-year statutory period. Accordingly, the Court must dismiss any claim arising from the alleged 2008 events as time-barred.

### 3. Re-Accrual

Doe also relies on *Dunn–McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1287 (5th Cir.1997), to contend that the Government's mention of the LNG Consultant at the sentencing hearing on February 23, 2012, constituted "repeated agency action," causing a re-accrual of the claim that includes the accusations made in late 2008, The Government contends that the alleged repeated act in 2012 does not prevent the 2008 allegations from being time-barred. In *Dunn–McCampbell*, the Fifth Circuit distinguished facial challenges to agency regulations, where the statute of limitations runs from the date of publication of the regulation, and "as applied" challenges, where the statute of limitation runs from the date a regulation is directly applied to a claimant. 112 F.3d at 1287–88. *Dunn–McCampbell* does not support the contention that adverse agency action against a claimant re-accrues if the agency repeats that action; it only gives claimants a vehicle to challenge a regulation that adversely affects them even when a facial challenge to that regulation would be barred by the statute of limitations. *See id.* (plaintiff could not facially challenge a regulation because it had been published outside the limitations period, whereas an "as applied" challenge would not be time-barred so long as the agency had applied the regulation to the plaintiff within the statutory period).

Because *Dunn–McCampbell* addresses separately accruing actions, it does not support Doe's contention that the Government's conduct in total from 2008 to 2012 constitutes a single violation that re-accrued in 2012. Even if *Dunn–McCampbell* applied here, it would necessarily mean the 2008 accusations were actionable and accrued separately, and the 2012 mention separately and independently gives Doe a new limitations period within which he can litigate his claim. However, in this case, the accusations in 2008 were not a general regulation subject to a facial challenge that was only applied against Doe in 2012. The alleged actions against Doe in 2008 and 2012 were all of the same kind and character: accusations specific to Doc. The accusations in 2008 are therefore not analogous to a general regulation that can be challenged "as applied" based on the Government's 2012 action. *Dunn–McCampbell* does not provide a vehicle to revive any claim by Doe that would be time-barred as occurring before August 20, 2009. Accordingly, the Court finds that Doe's claim, to the extent that it is based on events prior to August 20, 2009, including the three alleged accusations that occurred in 2008, is barred by the statute of limitations. The Court now turns to whether the mentioning from 2012, which was within the six-year statute of limitations, are sufficient to support a plausible claim.

### C. Failure to State a Claim

The Government contends Doe has not plausibly stated a claim for which relief can be granted based on the 2012 mention. The Government must in some way actually identify the co-conspirator for a due process violation to occur. *See United States v. Korean Air Lines Co., Ltd.*, 505 F.Supp.2d 91, 93–94 (D.D.C.2007) (acknowledging *Briggs* and *In re Smith*, but finding no rights violation occurred where the Government's plea agreement provided "no indicia as to the identity of the co-conspirators"). "Also important to the remedy inquiry [ ] is the particular context in which an accusation was made." *Holy*

*Land,* 624 F.3d at 691. Non-exclusive factors the Court may consider include whether the accusations enjoy imprimatur of the Court and whether they serve a legitimate government interest. *See id.* at 693 (holding that the district court had not abused its discretion in declining to expunge an accusation made in a government brief, because the accusation had a legitimate purpose and neither enjoyed the imprimatur of a grand jury approval nor was it conceded as part of a plea). The Government has an interest in identifying co-conspirators in court proceedings that can override the private interest in not being accused. *See United States v. Anderson,* 55 F.Supp.2d 1163, 1169 (D.Kansas 1999) (citing *Briggs* with approval and finding government allegations made during trial proceedings did not violate due process, but accusations made in pretrial documents were a violation).

The Court may only consider facts alleged by Doe that occurred after August 20, 2009, to serve as the basis of his claim, because any claim based on earlier events is barred by the statute of limitations. Doe alleges a single mention in the timely period: the alleged mention of the LNG Consultant in the February 23, 2012 sentencing hearing. No potentially identifying information about the LNG Consultant was provided by prosecutors at the sentencing hearing, such as the particular details of his dual-citizenship and his employment history.[7] On that basis alone, Doe's claim that the Government imper-

missibly identified him at the hearing is implausible. Moreover, the mention occurred orally and in passing during a sentencing hearing. The Government has a legitimate interest in divulging details of a case to a judge in sentencing hearings.[8] While the Government's interest here may not rise to the same level as in a jury trial, there was sufficient interest to justify mentioning in passing the LNG Consultant. Finally, a brief, oral mention in a hearing does not bear the same imprimatur of the Court as pretrial court documents or a grand jury indictment.[9] Taking these factors together, the Court finds that Doe's due process claim and request for expungement does not meet the pleading requirements set forth in Rule 8. Even if all facts pleaded by Doe are true, they do not amount to a plausible claim that he was impermissibly identified and accused by the Government, and that he is entitled to have the references expunged.

■ Courts generally allow one chance to amend a deficient pleading before dismissing with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir.2002). However, all possible facts supporting Doe's claim are present in the record of *United States v. Stanley.* In considering a 12(b)(6) motion to dismiss, a district court may review matters of public record. *Davis v. Bayless,* 70 F.3d 367, 372 n. 3 (5th Cir.1995). Because Doe seeks expungement of that public record, all facts relevant to the claim

---

7. *United States v. Stanley,* Criminal Action No. H–08–597, Document No. 46 at 29–30.

8. *United States v. Robinson,* 741 F.3d 588, 599 (5th Cir.2014) (a sentencing court must consider "the nature and circumstances of the offense" pursuant to 18 U.S.C. § 3553(a)).

9. *Compare Holy Land,* 624 F.3d at 691 (an accusation against a third party made in passing in a Government brief "did not improperly enjoy the imprimatur of grand jury

approval"), *and Briggs,* 514 F.2d at 805 (an anonymous, unindicted co-conspirator "may be unmasked in a bill of particulars ... [which is] the statement of the prosecutor and does not carry the imprimatur of credibility that official grand jury action does"), *with In re Smith,* 656 F.2d at 1106–07 (accusations against a third party made in the reading of a factual resume during a plea hearing in a case with no grand jury indictment or criminal information violated the named party's due process rights).

are within that record and already properly before the Court. The Court finds no additional facts within that record that would rescue Doe's claim. Amending the complaint would be therefore be futile.

### IV. Conclusion

Based of the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss (Document No. 9) is **GRANTED**.

The Court will issue a separate Final Judgment.

### FINAL JUDGMENT

Because the Court has dismissed all claims asserted in this lawsuit by Plaintiff John Doe against Defendant United States of America, the Court hereby

**ORDERS** that Plaintiff John Doe's case is **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**